## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re: | )<br>)    Civil Action Nos. 25-CV-11178-AK/<br>)                           25-CV-11057-AK<br>KYRA NELSON.                        )<br>) |

### MEMORANDUM AND ORDER ON DEBTOR'S APPEAL OF BANKRUPTCY COURT'S ORDERS

**KELLEY, D.J.**

Debtor Appellant, Kyra Nelson ("Ms. Nelson"), proceeding *pro se*, appealed four orders

of the Bankruptcy Court: an order overruling Ms. Nelson's objection to Appellee Wells Fargo,

N.A.'s Proof of Claim ("Claim Order"), an order granting in part[1] Wells Fargo's request for

relief from the automatic stay and for *in rem* relief ("Relief Order"), and Motions to Reconsider

the Bankruptcy Courts Claim and Relief Order.  For the following reasons, the Bankruptcy

Court's orders are **AFFIRMED**.

### I.    BACKGROUND

Ms. Nelson and her father, Bradley Nelson ("Mr. Nelson"), have spent more than a

decade attempting to stop Wells Fargo from foreclosing on 65 Lovers Lane, Groton,

Massachusetts, 01450 ("the Property").  In 2007, Mr. Nelson entered into two mortgage

agreements with Wells Fargo's predecessor-in-interest, World Savings Bank, to purchase the

Property. [Dkt. 12-3 at 69-99].  Later in 2007, World Savings Bank changed its name to

Wachovia Mortgage, FSB and in 2009, Wachovia converted into a national bank named Wells

---

[1] The Bankruptcy Court granted Wells Fargo's request under 11 U.S.C. § 362(d)(1) and (d)(4).  It dismissed Wells Fargo's request from relief under 11 U.S.C. § 362(d)(2) as moot, in light of the relief granted under Sections 362(d)(1) and (d)(4).

1

Fargo Bank Southwest, N.A., which merged into Wells Fargo Bank, N.A. [Dkt. 12-8 at 36-39].

In 2012, Mr. Nelson filed for Chapter 7 bankruptcy and received a discharge. [Dkt. 12-3 at 127].

In September 2014, Mr. Nelson brought suit against Wells Fargo and World Savings Bank to stop them from foreclosing on the Property. Nelson v. Wells Fargo Bank, N.A., 621 B.R. 542, 546 (1st Cir. BAP 2020) ("BAP") (discussing procedural history). Although initially filed in state court, Wells Fargo successfully removed the case to the District Court for the District of Massachusetts. Id. At the outset, three of Mr. Nelson's five claims were dismissed, and the remaining two claims were dismissed at summary judgment. See Nelson v. Wells Fargo Bank, N.A., 14-CV-14087-DJC, Doc. No. 63 (D. Mass. Dec. 29, 2016) (order on Motion to Dismiss); Nelson v. Wells Fargo Bank, N.A., 14-CV-14087-DJC, Doc. No. 77 (D. Mass. May 25, 2017) (order on Motion for Summary Judgment).

In May 2019, Mr. Nelson filed a Chapter 13 bankruptcy petition. BAP, 621 B.R. at 547-58 (discussing procedural history). In the bankruptcy proceeding, Wells Fargo filed a proof of claim that asserted their rights to collect on the Property and requested relief from the stay on collection, which was automatically imposed under 11 U.S.C. § 362(a). [Dkt. 12-11 at 24]. The bankruptcy court ruled in favor of Wells Fargo over Mr. Nelson's objection, which was affirmed on appeal. BAP, 621 B.R. at 550-51 (discussing procedural history).

In June 2023, Mr. Nelson filed suit in Middlesex Superior Court again challenging Wells Fargo's authority to enforce the mortgage and requesting relief from his mortgage obligations. [Dkt. 12-10 at 38-47]. The Middlesex Superior Court dismissed the suit with prejudice holding that Mr. Nelson's claims were blocked by res judicata. [Dkt. 12-10 at 38-47]; Nelson v. World Sav. Bank, FSB, 2381CV01919 (Middlesex Super. Ct. Apr. 24, 2024). Mr. Nelson appealed, and the Appeals Court of Massachusetts affirmed the lower court. Nelson v. World Sav. Bank,

FSB, et al., 106 Mass. App. Ct. 1101, 2025 WL 2535808 (Mass. App. Ct. Sept. 4, 2025).  The

Appeals Court additionally granted Wells Fargo's request for attorney's fees because Mr.

Nelson's appeal was "frivolous." Id. at *5.

In December 2023, while still litigating in Middlesex Superior Court, Mr. Nelson

transferred the Property to Ms. Nelson by warranty deed, without informing Wells Fargo. [Dkt.

12-3 at 130-31].  The Property was transferred "[s]ubject to existing taxes, assessments, liens,

[and] encumbrances . . . ." Id.  Shortly after transferring the Property, Mr. and Ms. Nelson

entered into a mortgage agreement through which Mr. Nelson would provide Ms. Nelson with

$499,000.00. [Dkt. 12-3 at 133-35].

In August 2024, Ms. Nelson filed a complaint in Worcester Superior Court against Wells

Fargo seeking an injunction precluding Wells Fargo from foreclosing on the Property. [Dkt. 12-

10 at 48-49].  The Worcester Superior Court denied Ms. Nelson's requested relief because the

matter "has been fully addressed, on multiple occasions by multiple courts" and warned Ms.

Nelson that failure to obey "the ethical rules in filing pleadings before [the] court . . .  may

result in sanctions." Id.

On November 14, 2024, eight days before a scheduled foreclosure sale of the Property,

Ms. Nelson filed a complaint in Middlesex Superior Court again seeking injunctive relief against

Wells Fargo's foreclosure of the Property. [Dkt. 12-12 at 46].  The Middlesex Superior Court

denied the request for injunctive relief finding that Ms. Nelson did not have a "likelihood of

success on the merits." [Dkt. 12-10 at 50].  The court later granted Wells Fargo's motion to

dismiss, finding that "Wells Fargo is the successor-in-interest on the mortgages and is entitled to

enforce the liens." Nelson v. Wells Fargo Bank, N.A., 2481CV03000, at *5 (Middlesex Super.

Ct. July 21, 2025).

3

On November 21, 2024, one day before a scheduled foreclosure sale, Ms. Nelson filed a voluntary Chapter 13 bankruptcy case in which Wells Fargo filed a proof of claim. [Dkt. 12-1]. Along with their proof of claim, Wells Fargo submitted the following evidence: the Mortgage Note between Mr. Nelson and World Savings Bank FSB; the First Mortgage, which is affixed with a stamp and signature from the Middlesex South Registry of Deeds; the First Mortgage Modification Agreement; a Certificate of title change from the Comptroller of the Currency certifying that World Savings Bank, FSB changed its name to Wachovia Mortgage, FSB; an escrow statement; and a Certificate of Authenticity from the Comptroller of the Currency certifying the conversion of Wachovia Mortgage, FSB to a national bank with the title of Wells Fargo Bank Southwest, and the merger of Wells Fargo Bank Southwest with and into Wells Fargo Bank, N.A. [Dkt. 12-8].

The bankruptcy court rejected Ms. Nelson's challenge to Wells Fargo's proof of claim and held (a) Ms. Nelson's debt to Wells Fargo had not been discharged in Mr. Nelson's Bankruptcy proceedings, (b) transfer of the Property from Mr. Nelson to Ms. Nelson had no effect on any existing lien on the Property held by Wells Fargo, (c) Wells Fargo holds the mortgage against the Property as a successor in interest to World Savings Bank, (d) that Wells Fargo provided evidence of the debt owned by Ms. Nelson, and (e) the Proof of claim was properly filed by Wells Fargo's attorney. [Dkt. 12-12 at 38-43].

In a separate order, the Bankruptcy Court granted Wells Fargo relief from a stay because "the filing of the petition was part of a scheme to hinder, delay, or defraud Wells Fargo," and that Ms. Nelson "acted in bad faith." [Dkt. 12-12 at 50].  Ms. Nelson requested rehearing on both orders, which were summarily denied. [Dkt. 41-1 at SA 382-384].  Ms. Nelson appealed the Claim Order, Relief Order, and the two motions for reconsideration.  Wells Fargo filed a Motion

to Consolidate the appeals, which was granted by the Court. In re Nelson, 25-cv-11057-AK, Dkt. 20 (D. Mass. Nov. 3, 2025).

## II.      LEGAL STANDARD

Bankruptcy appeals under 28 U.S.C. § 158 are reviewed under traditional appellate standards of review.  The district court reviews the underlying findings of fact under the deferential standard for clear error and legal issues are reviewed de novo. In re Gianasmidis, 318 F. Supp. 3d 442, 449 (D. Mass. 2018) (citing Monarch Life Ins. Co. v. Ropes & Gray, 65 F.3d 973, 978 (1st Cir. 1995)).  "A finding of fact is only clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." In re Stewart, 948 F.3d 509, 519 (1st Cir. 2020) (quotation altered).  A bankruptcy court's resolution of mixed questions of law and fact is reviewed for clear error, unless its analysis was "infected by legal error." Williams v. Poulos, 11 F.3d 271, 278 (1st Cir. 1993).

## III.     DISCUSSION

Ms. Nelson raises nine challenges to the Bankruptcy Court's orders.  She alleges (1) "The lower court erred by allowing a Proof of Claim filed by an entity that has no underlying debt relationship with the Debtor and is not, and cannot be, a creditor," (2) "The Bankruptcy Court erred by recognizing an unrecorded unperfected lien, unsupported by any evidence of a chain of title or assignment and not recorded in accordance with Massachusetts law," (3) "The lower court Erred in Holding a Appellee who lacked standing, lacked a perfected security interest, was not a creditor, and lacked any enforceable contractual or statutory basis for a claim may nevertheless maintain a Proof of Claim in a bankruptcy proceeding," (4) "The Lower Court Erred by allowing the Proof of Claim from a Non-Creditor, violating due process and the statutory burden imposed on claimants under Fed. R. Bankr. R. 3001," (5) "The Bankruptcy

Court Erred when it improperly shifted the evidentiary burden of proof to the Debtor despite the Appellee's failure to provide any documentation or legal basis establishing that it is a creditor or lienholder," (6) "The Lower Court Erred in allowing a baseless POC in order to grant relief from the stay to a noncreditor," (7) "The Lower Court Erred in denying the request for reconsideration of the objection when presented with manifest errors in the ruling," (8) "The Lower Court Erred in granting a noncreditor Relief From Stay under 11 U.S.C. § 362(d)(1) and (d)(4) to an entity that is not a creditor of the Debtor, has no enforceable claim under the Bankruptcy Code without an evidentiary hearing and without evidence of any intent," and (9) "The Lower Court Erred in failing to grant the Motion for Reconsideration." [Dkt. 33 at 16-26].

Ms. Nelson's claims boil down to eight issues before the court: (1) whether Mr. Nelson's discharge prevents *in rem* actions or filing a claim, (2) whether Wells Fargo is a creditor with a valid claim, (3) whether Wells Fargo's lien is perfected, (4) whether Wells Fargo's counsel can file a proof of claim on its behalf, (5) whether the first mortgage is barred by a statute of limitation, (6) whether Ms. Nelson took part in a scheme to delay, hinder, or defraud Wells Fargo, (7) whether Ms. Nelson filed her petition in good faith, and (8) whether Ms. Nelson was entitled to an evidentiary hearing.

### A.    Jurisdiction

The Court has jurisdiction to hear bankruptcy appeals from final judgments, orders, and decrees. 28 U.S.C. § 158(a)(1).  Ms. Nelson appeals the Claim Order, Relief Order, and the orders on her Motions for Reconsideration.  All of these orders were final, appealable orders. See In re Orsini Santos, 349 B.R. 762, 768 (1st Cir. B.A.P. 2006) (citation omitted) ("An order allowing or disallowing a claim is a final, appealable order."); In re Old Cold, LLC, 602 B.R.

798, 821 (citation omitted) (1st Cir. B.A.P. 2019) ("An order granting relief from stay is a final, appealable order.").

### B.      The Claim Order

Under the Bankruptcy Code, a creditor may file a proof of claim which is "deemed allowed" unless a party in interest objects. 11 U.S.C. §§ 501(a), 502(a).  A proof of claim filed in accordance with the Bankruptcy Rules is *prima facie* evidence of the validity and amount of the claim. See In re Hemingway Transport, Inc., 993 F.2d 915, 925 (1st Cir. 1993), cert. denied, 510 U.S. 914 (1993).  In order to rebut the presumption that attaches to a proof of claim, a party objecting must produce "substantial evidence." See Id. at 925.  The Bankruptcy Court properly allowed Wells Fargo's claim over Ms. Nelson's objection.

### 1.      The *Prima Facie* Validity of Wells Fargo's Claim

*Prima facie* validity is established by filing a proof of claim in compliance with the Federal Rules of Bankruptcy Procedure. See Fed. R. Bankr. P. 3001(f).  The creditor must file a copy with the proof of claim, if a claim or an interest in the debtor's property securing the claim is based on a writing. Fed. R. Bankr. P. 3001(c)(1).  When submitting a claim on a debtor's principal residence, Form 410A must be submitted with an escrow statement. Id. at (c)(2)(C)(i)-(ii).  Additionally, "[i]f a creditor claims a security interest in the debtor's property, the proof of claim must be accompanied by evidence that the security interest has been perfected." Id. at (d).

Here, Wells Fargo timely filed a proof of claim that was supported by the Note, the Mortgage, the Mortgage modification, proof of merger and the companies' name change, and an escrow statement.  Under Massachusetts General Law, Wells Fargo's possession and production of the endorsed Note proves that Wells Fargo is the holder and has the right to enforce the Note. M.G.L. c. 106 §3-205(b), 3-301.  The stamp and signature from the Middlesex South Registry of

7

Deeds on the First mortgage established that Wells Fargo's lien is perfected. See In re Watkinson, Case No. 18-12721-FJB, 2022 WL 209606 at * 1 (Bankr. D. Mass. Jan. 24, 2022) (recording stamp evidence of perfection). Further, Wells Fargo submitted letters and certificates confirming that it was the successor to World Savings Bank and provided the Form 410A and escrow analysis. Therefore, Wells Fargo provided sufficient evidence to support its Proof of Claim.

### 2.    Ms. Nelson's Challenges to the Claim

#### a.  Mr. Nelson's Discharge

First, Ms. Nelson argues that Mr. Nelson's 2012 discharge prevents Wells Fargo from enforcing its *in rem* rights. Although the Bankruptcy Code provides "discharge of personal liability for debt, it does not discharge the ongoing burdens of owning property." In re Canning, 706 F.3d 64, 68 (1st Cir. 2013) (quoting Canning v. Beneficial Maine, Inc. (In re Canning), 442 B.R. 165, 172 (Bankr. D. Me. 2011)). Accordingly, a bankruptcy discharge does not affect the creditor's underlying lien on the debtor's property. Long v. Bullard, 117 U.S. 617, 620-21 (1886). The Bankruptcy Court properly explained this law and held, "to the extent that Wells Fargo held (and holds) a valid mortgage on the Property, that mortgage survived [Mr. Nelson's] bankruptcy discharge." [Dkt. 12-12 at 40].

#### b.  Wells Fargo is a Creditor with a Valid Claim

Ms. Nelson argues that Wells Fargo is not a creditor with a valid claim because her name is not on the Mortgage. A party is a creditor if it holds a claim secured by the debtor's property, even if the debtor has no personal liability. See Johnson v. Home State Bank, 501 U.S. 78, 83-86 (1991) ("[W]e must infer that Congress fully expected that an obligation enforceable only against a debtor's property would be a 'claim' under § 101(5) of the Code."). Thus, Wells Fargo

8

holds a claim because they hold the Property's mortgage.  Because Wells Fargo has a lien against the Property, it is a creditor. 11 U.S.C. § 101(10) (defining a "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor.").

Wells Fargo's status as a creditor with a valid claim was not impacted by the sale of the Property.  When Mr. Nelson sold the Property to Ms. Nelson, the transfer was "[s]ubject to existing taxes, assessments, liens, encumbrances, covenants, conditions, restrictions, rights of way and easements of record . . . ." [Dkt. 12-3 at 130-31].  In Massachusetts, when a buyer purchases property "subject to" a lien, including mortgages, the purchaser is not personally obligated to pay the debt. Brandt v. Broderick, 63 Mass. App. Ct. 1105, 2005 WL 549497, at *2 (2005).  Nonetheless, the mortgagee still maintains legal title of the property. Eaton v. Fed. Nat. Mortg. Ass'n, 969 N.E.2d 1118, 1124 (2012).  Therefore, when Mr. Nelson sold the Property to Ms. Nelson "subject to" the mortgage, Wells Fargo maintained legal title of, and its claim to, the Property.  The Bankruptcy Court properly applied this law and held, "the transfer of the Property from [Mr. Nelson] to [Ms. Nelson] had no effect on any existing lien on the Property held by Wells Fargo." [Dkt. 12-12 at 40].

### c.  Wells Fargo's Lien is Perfected

Next, Ms. Nelson argues that Wells Fargo's lien is not perfected because it did not pass to Wells Fargo from World Savings Bank.  When a national bank merges with another banking entity, the resulting association is "'the same corporation as each bank or banking association participating in the merger.' As a result, 'all rights, franchises, and interests . . . in and to every type of property . . . shall be transferred to and vested in the receiving association . . . without any deed or other transfer.' No court order or other legal action is required." Rice v. Wells Fargo

Bank, N.A., 2 F. Supp. 3d 25, 35 (D. Mass. 2014) (citing 12 U.S.C. § 215a).  World Savings

Bank changed its name to Wachovia Mortgage, FSB in 2009.  Wachovia then converted into a

national bank named Wells Fargo Bank Southwest, N.A., which merged into Wells Fargo Bank,

N.A.  As a result of this merger, Wells Fargo gained the lien as a matter of law, with no

assignment required.  The Mortgage was recorded in the Registry, which demonstrates

perfection.  Therefore, Wells Fargo has a perfected lien against the Property.

Further, multiple courts have held that Wells Fargo has a perfected lien, despite the

merger. See Nelson v. Wells Fargo Bank, N.A., 621 B.R. 542, 556 (1st Cir. BAP 2020); Nelson

v. World Savings Bank, FSB, 2381CV01919, at *6 (Middlesex Super. Ct. Apr. 24, 2024).

Because these prior decisions were final decisions on the merits, and Ms. Nelson is in privity

with Mr. Nelson through her purchase of the Property, this argument is barred by issue

preclusion. Robb Evans & Assocs. LLC v. United States, 850 F.3d 24, 32 (1st Cir. 2017)

(providing the legal standard for issue preclusion).  As such, the Bankruptcy Court appropriately

held that "the issue of Wells Fargo's status as the holder of the mortgage on the Property has

previously been determined in Wells Fargo's favor and cannot be relitigated . . . ." [Dkt. 12-12 at

41].

### d.  Proof of Claim Filed by Counsel

Ms. Nelson next argues that the Proof of Claim was not properly filed because it was

filed by a Wells Fargo's attorney who does not have "personal knowledge" of the underlying

facts.  Proof of Claim may be executed by either "a creditor or the creditor's agent . . . ." Fed. R.

Bankr. P. 3001(b).  A creditor may appear in a case "through an attorney authorized to practice

in the court." Fed. R. Bankr. P. 9010(a)(1).  There is no additional "personal knowledge"

requirement for filing the Proof of Claim.  There is no dispute that the attorney who executed the

Proof of claim on Wells Fargo's behalf was authorized to appear before the Bankruptcy Court and, therefore, could execute the Proof of Claim. Accordingly, the Bankruptcy Court properly rejected this argument. [Dkt. 12-12 at 42].

### e. Statute of Limitations

In her objection to Wells Fargo's Claim, Ms. Nelson alleged that "the debt was discharged, and is now over the statute of limitation for enforcement." [Dkt. 41-1 at SA 81]. The Bankruptcy Court found that, because Ms. Nelson had raised the argument in a conclusory manner, it was waived. [Dkt. 12-12 at 40 n. 1]. Because Ms. Nelson's statute of limitations argument was underdeveloped, the Bankruptcy Court properly found it to be waived. Glob. NAPs, Inc. v. Verizon New England, Inc., 706 F.3d 8, 16 (1st Cir. 2013) ("The 'settled appellate rule' is 'that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'") (quoting United States v. Zannino, 895 F.2d 1, 17 (1st Cir.), cert. denied, 494 U.S. 1082 (1990)). As the matter was not addressed by the lower court, it is not proper for this Court to do so on appeal. McCoy v. Mass. Inst. of Tech., 950 F.2d 13, 22 (1st Cir. 1991) ("It is hornbook law that theories not raised squarely in the district court cannot be surfaced for the first time on appeal.").

### C.    The Relief Order

Ms. Nelson also appeals the Bankruptcy Court's order granting Wells Fargo relief from the stay. To start, because the Bankruptcy Court had previously addressed the arguments, it rejected Ms. Nelson's arguments that Wells Fargo does not have a claim against her, that Wells Fargo's lien was discharged in Mr. Nelson's bankruptcy proceeding, and that Wells Fargo does not have a perfected lien and does not have a mortgage. For the same reason, this Court rejects those challenges to the Bankruptcy Court's Order.

Wells Fargo sought relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1), (d)(2), and (d)(4).  Section 362(d) provides for relief from the automatic stay upon a proper showing as follow:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; …
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
> (B) multiple bankruptcy filings affecting such real property

Relief was warranted under Section 362(d)(4) because the Property was transferred without Wells Fargo's consent.  Additionally, Ms. Nelson acted as part of a scheme to delay, hinder, or defraud Wells Fargo from foreclosing on the Property.  Ms. Nelson and her father have attempted for more than a decade to stop Wells Fargo from foreclosing on the Property through a string of litigation.  Often these lawsuits are initiated days before a scheduled foreclosure sale.  Mr. Nelson was informed that his arguments were "frivolous," and Ms. Nelson has been warned about her ethical duties when representing herself.  Undeterred, they continued to sue.  Mr. Nelson filed for bankruptcy twice and sold the property to Ms. Nelson without informing Wells Fargo.  Given this evidence, the Bankruptcy Court was correct in finding "the filing of the present case was just the latest maneuver in a scheme between [Mr. Nelson] and [Ms. Nelson] to hinder, delay or defraud Wells Fargo." [Dkt. 12-12 at 49].

Relief was warranted under Section 362(d)(1) because Wells Fargo showed "cause."  The Bankruptcy Code does not define "cause" for the purposed of 11 U.S.C. §362(d)(1).  Courts have held that filing in bad faith is "cause" for relief. In re Harvey Rd. Assocs. VIII, 140 B.R. 302,

305 (Bankr. D. Mass. 1992) ("This Court agrees that bad faith is cause for relief from stay or the dismissal of a petition."). When determining bad faith, courts look to the totality of the circumstances, including whether "[t]he debtor has few or no unsecured creditors," "[t]he debtor has previously sought relief," "[t]he petition was filed on the eve of foreclosure," "[t]he foreclosed property is the sole or major asset of the debtor," and "[t]he debtor has no ability to reorganize." Id. Given Ms. Nelson's filing on the eve of foreclosure, limited additional assets, [Dkt. 12-9 at 19-30], and history of circumventing foreclosures, the Bankruptcy Court was correct in determining that Ms. Nelson acted in bad faith warranting relief under Section 362(d)(1). [Dkt. 12-12 at 50].

Ms. Nelson appears to allege a lack of "due process" related to the Claim Order, Relief Order, and Motions for Reconsideration. [Dkt. 33-1 at 5, 20, 25]. Ms. Nelson challenges the lack of evidentiary hearing associated with the Relief Order. [Dkt. 33-1 at 6, 9, 11, 12, 24]. However, Ms. Nelson was provided with opportunity to contest Wells Fargo's Proof of Claim and request for relief. In fact, she appeared and was heard at three separate hearings before the Bankruptcy Court. [Dkts. 13, 14, 15]. Additionally, "[w]here the parties do not request an evidentiary hearing or where the core facts are not disputed, the bankruptcy court is authorized to determine contested matters, such as a motion to dismiss, on the pleadings and arguments of the parties, drawing necessary inferences from the record." In re Gonzalez-Ruiz, 341 B.R. 371, 381 (B.A.P. 1st Cir. 2006) (citing In re Cabral, 285 B.R. 563, 577 (B.A.P. 1st Cir. 2002)). Ms. Nelson never requested an evidentiary hearing and was able to contest all matters before the Bankruptcy Court. Therefore, she received appropriate opportunity to be heard.

The remainder of Ms. Nelson's arguments were not raised before the Bankruptcy Court and are, therefore, waived. McCoy, 950 F.2d at 22.

13

**D.     The Motions for Reconsideration**

Finally, Ms. Nelson requests review of the denials of the motions to reconsider the Claim

Order and the Relief Order.  Ms. Nelson appears to argue that there were "manifest errors" in the

rulings on the motion to reconsider. [Dkt. 33-1 at 25-26].  She then reiterates the arguments that

the Court rejected above.  As the Court agrees with the Bankruptcy Court's orders and Ms.

Nelson has not pointed to any errors in fact or law, the Bankruptcy Court's Orders on the

Motions to Reconsider are affirmed.

## IV.     CONCLUSION

For the foregoing reasons, the Bankruptcy Court's Claim Order, Relief Order, and orders

on Ms. Nelson's Motions to Reconsider are **AFFIRMED**.

        **SO ORDERED**.

Dated: March 13, 2026                                    /s/ Angel Kelley
                                                                  Hon. Angel Kelley
                                                                  United States District Judge

14